UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Charity Sims,<br><br>                Plaintiff,<br>    v.<br><br>First Credit Services, Inc.; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: _____ |

# COMPLAINT

Plaintiff, Charity Sims, says by way of Complaint against Defendant, First Credit Services, Inc., as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiff, Charity Sims ("Plaintiff"), is an adult individual residing in Augusta, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.Defendant First Credit Services, Inc. ("First"), is a New York business entity with an address of One Woodbridge Center, Suite 410, Woodbridge, New Jersey 07095, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.Does 1-10 (the "Collectors") are individual collectors employed by First and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.First at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.The Plaintiff allegedly incurred a financial obligation in the approximate amount of $200.00 (the "Debt") to Gold's Gym (the "Creditor").

9.The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.The Debt was purchased, assigned or transferred to First for collection, or First was employed by the Creditor to collect the Debt.

11.The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. First Engages in Harassment and Abusive Tactics

12.Within the last year, First contacted Plaintiff in an attempt to collect the Debt.

13.First called Plaintiff at an excessive and harassing rate, placing up to five calls per day to Plaintiff's residential telephone in an attempt to collect the Debt.

14.First failed to advise Plaintiff that the call was an attempt to collect the Debt and all information obtained would be used for that purpose.

15. During the initial conversation and during each subsequent contact, Plaintiff informed First that the Debt had been paid and was no longer owing.

16. Plaintiff further provided First with proof that the Debt had been satisfied.

17. Thereafter, despite having been informed of the foregoing, First continued calling Plaintiff in an attempt to collect the Debt.

18. First failed to inform Plaintiff of her rights by written correspondence within five days after the initial contact, including the right to dispute the Debt.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32. New Jersey further recognizes Plaintiff's right to be free from invasions of privacy. Thus, the Defendant violated New Jersey state law.

4

33. The Defendants' telephone calls to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

34. The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

35. As a result of the intrusions and invasions enumerated above, the Plaintiff is entitled to actual damages from the Defendants in an amount to be determined at trial.

36. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiff is entitled to punitive damages from the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 23, 2013

                                        Respectfully submitted,

                                        By: /s/ Sofia Balile

                                        Sofia Balile, Esq.
                                        Lemberg & Associates LLC
                                        1100 Summer Street
                                        Stamford, CT 06905
                                        Phone: (917) 981-0849
                                        Fax:    (888) 953-6237